IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30074-SMY |
| | ) |
| TROY A. SCHRAGE | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Troy Schrage's Motion for Judgment of Acquittal (Doc. 81), which the Government opposes (Doc. 83). For the following reasons, the Motion is **DENIED**.

## Background

Schrage was charged with one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Doc. 1). He entered a not guilty plea and proceeded to a jury trial commencing on June 7, 2021. The Government called three witnesses during the trial: Senior Special Agent Matt Inlow, Detective Jesse Fulkerson, and Schrage's ex-girlfriend Alexis Marshall. Schrage did not testify or present evidence. On June 8, 2021, the jury returned a verdict of guilty against Schrage.

## Discussion

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for acquittal should be granted only where the evidence is insufficient to sustain a conviction." *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017) (citation omitted) (internal quotation marks omitted). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the

Government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)).  "When challenging a conviction based on sufficiency of the evidence, a defendant bears a heavy burden that is nearly insurmountable." *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)).

In order to prove Schrage guilty of violating 18 U.S.C. § 922(g)(1), the Government had to establish: (1) that he knowingly possessed ammunition on April 1, 2020; (2) that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; (3) that he knew that he had been convicted of a crime punishable by imprisonment for more than one year; and (4) the ammunition had been transported in interstate or foreign commerce before the defendant possessed it. *See* Doc. 76; *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  Schrage argues that there was no competent evidence that he knowingly possessed the ammunition.  Specifically, he maintains that Inlow's testimony did not establish that he possessed the magazine; that Fulkerson utilized techniques to obtain a false confession; and that Marshall only admitted that Schrage possessed the magazine after being improperly impeached.

Inlow testified about Schrage's arrest at a mobile home – that Schrage was found hiding in the closet adjacent to the bedroom where the magazine and ammunition were subsequently located. Marshall testified that the bedroom where officers seized the ammunition was the bedroom that she stayed in with Schrage.  The jury also heard testimony from Inlow and Marshall that the bedroom contained items belonging to Schrage and that he had resided at the mobile home off-and-on for some time. "It is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013).  And based on this testimony, the jury could reasonably infer that the magazine and ammunition – found in the vicinity of other items belonging to Schrage – were also his.

Additionally, a video recording of an interview Fulkerson conducted of Schrage following his arrest was played for the jury. Schrage admitted during the interview that he knew about the magazine, had moved the magazine, and that his DNA might be the only DNA found on the magazine. Schrage argues, however, that Fulkerson questioned him in a way that maximized the odds of a false confession. Schrage does not cite specific testimony to support his contention, and the Court finds this argument without merit.

Schrage next contends that Marshall's testimony included improper impeachment. Marshall testified that when she asked Schrage about the magazine, he told her that he threw out the other part of a gun on a back road:

> Q: Alexis, have you asked the defendant about the magazine before?
> A: Yes.
> Q: What did he say about the magazine?
> A. Um…I guess something about being thrown out on a back road.
> Q: What being thrown out on a back road?
> A: A gun.

(Doc. 74, pp. 14-15). This testimony constitutes testimony of an admission by Schrage; it was not improper impeachment.

In sum, viewed in the light most favorable to the Government, the evidence adduced at trial provided a reasonable basis for the jury's verdict. Accordingly, Schrage's motion for judgment of acquittal is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 13, 2021

**STACI M. YANDLE**
**United States District Judge**